## CHERMENDY v HAZLETT STORAGE BATTERY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9882.   Decided October 7, 1929

Messrs. Davis, Young & Vrooman, Cleveland, for Chermendy.

Messrs. Squire, Sanders & Dempsey, Cleveland, for Hazelett Storage Battery Co.

VICKERY, PJ.

Inasmuch as both questions are argued, I have taken the trouble to read the record in this case as well as the briefs of counsel, to determine whether the court was wrong in directing a verdict, and after reading

the entire record of the testimony, it does not seem as though the court could have done anything other than he did do, from the manner in which the case was presented.

Whether such a contract was made or not, it surely was not made with the corporation. It was made with the Sales Manager of the corporation, and there is nothing in the minutes of the Board of Directors of the corporation which would bind the corporation, or to show that the Sales Manager had authority to make any such contract. That is a point that has not been discussed, but to the writer of this opinion it seems to be a salient point.

But aside from that, plaintiff's own testimony shows that the transaction and sale of a franchise was to be a cash transaction, and he was to receive his pay after and when the franchise and equipment had been paid for by the purchaser. Now his testimony in the record shows that this had not been done. On the contrary, it shows that it never had been done. It shows that the defendant company, acting through the man that he claims made the contract with him, refused to accept and fill these orders, for the reason, as the plaintiff gave in his testimony, that the company had entered into an arrangement with some Akron syndicate which apparently had been under discussion before this so-called contract between the plaintiff and this defendant was made through its sales manager, if such a contract was made.

Now, we do not want to be understood as saying that this plaintiff would have no remedy, because if he went out and secured orders which the company was bound to accept and it refused to accept them and to fill them, he might have an action for damages for breach of contract. I am not saying that he would have it in this case, but that would be the form of his action, but he could not, under the testimony in **this** action, sustain the suit that he had planted against the defendant company in the manner in which he planted it.

After the court had announced his intention of sustaining the motion, which, according to the decision of the Supreme Court in the case of **Jacob Laub Baking Company vs. Middleton, 116 OS. 106,** was a submission of the case to the court, the court having announced his intention of directing a verdict, or sustaining the motion, held that it was then too late for the plaintiff to dismiss his action. Of course, we recognize the right of the plaintiff to dismiss his action at any time before submission to the court or jury, but we ourselevs have held in several cases that after a motion by the defendant has been made and the court has announced his intention to sustain the motion, it is then too late for the plaintiff to dismiss his action.

We think the court below was right in refusing to permit the plaintiff to dismiss his action without prejudice after he had announced that he intended to sustain the motion for a directed verdict, and our decision is based upon 115 OS. supra, and a recent decision of our own court,—opinion written by Judge Levine in case No. 9682, Freeman Fiske vs. Annette Bernstein, Feb. 11, 1929.

As to the authority for the court's position about directing a verdict, we cite the case of **Phans vs. Hamburg, et al, 82 OS. page 1.**

Therefore, we do not think the court committed any error in directing a verdict, nor in refusing to permit the plaintiff to dismiss his petition after he had announced his decision upon the motion to direct a verdict.

There being no error in this record, the judgment of the court below will be affirmed.

Sullivan and Levine, JJ. concur.